**The below described is SIGNED.**

**Dated: November 07, 2008**  *Glen E Clark*

**GLEN E. CLARK**
**U.S. Bankruptcy Judge**



_____

*Order prepared and submitted by:*

| | |
|---|---|
| David E. Leta (1937) | Richard D. Burbidge (0492) |
| Michael R. Johnson (7070) | Jefferson W. Gross (8339) |
| **SNELL & WILMER LLP** | Robert J. Shelby (8319) |
| 15 West South Temple, Suite 1200 | **BURBIDGE MITCHELL & GROSS** |
| Salt Lake City, Utah  84101-1004 | 215 South State Street, Suite 920 |
| Telephone:  (801) 257-1900 | Salt Lake City, UT  84111 |
| Facsimile:  (801) 257-1800 | Telephone:  (801) 355-6677 |
| Email: dleta@swlaw.com | Email: jwgross@bmgtrial.com |
| Email: mrjohnson@swlaw.com | |

Sean N. Egan (7191)
215 South State Street, Suite 950
Salt Lake City, UT  84111-2374
Telephone:  (801) 363-5181
Email: seannegan@sneganlaw.com

*Attorneys for Max Lewinsohn and Maximillian & Co.*

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**ENECO, INC.,**<br><br>Debtor. | Bankruptcy No. 08-20319 GEC<br>Chapter 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH
TRUSTEE'S MOTION TO AUTHORIZE THE SALE OF THE DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

This matter came before the Court on November 6, 2008, upon consideration of the Trustee's *Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for an Order Authorizing and Approving the Settlement Agreement and Sale of Assets,* dated September 18, 2008 (the "Motion"),[1] pursuant to which the Trustee sought approval of a certain Settlement Agreement and Sale of Assets, dated September 11, 2008, as amended on October 9, 2008 (collectively, the "Agreement"). Parties in interest, and their counsel, noted their appearances upon the record at the hearing.

On October 24, 2008, the Court entered its ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 & 9019 AND 11 U.S.C. § 363(b), (f), (k) & (m) AUTHORIZING AND APPROVING (A) THE SETTLEMENT OF DISPUTES AND (B) PROCEDURES FOR THE SALE OF ASSETS (the "Approval Order") [Doc. # 488]. Pursuant to the Approval Order, at the Sale Hearing the Trustee filed his report about the bidding and sale procedures, and reported therein that the offer pursuant to the Agreement was the highest, best and only offer received for the Assets in accordance with the procedures set forth in the Approval Order. At the Sale Hearing, the Court considered all objections, all responses to objections, all evidence offered in support of and in opposition to the Motion, and all oral argument. At the conclusion of the Sale Hearing, all objections to the Motion had either been withdrawn or overruled. Accordingly, the Court hereby FINDS AND CONCLUDES as follows:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion and the Agreement.

C. The Motion seeks, among other things, an order authorizing and approving sale of the Assets, as defined in the Motion, free and clear of all liens, claims, interests, and encumbrances of the Debtor or its Creditors.

D. After appropriate notice and hearing, this Bankruptcy Court entered the Approval Order, which is final and enforceable, and which approved a settlement, as well as certain procedures in connection with a proposed sale (the "Sale") of the Assets.

E. Notice of the Sale, the Sale Hearing, and the relief granted in the order granting the Motion (the "Order") were served on all creditors and parties in interest, parties requesting notice, and parties asserting liens, claims or encumbrances against any of the Assets. The Court finds the scope and manner of service proper, timely, adequate, and sufficient, in accordance with Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rules 2002, 2002(i), 6004, 6007, and 9014, and in compliance with the Approval Order. No further notice of the Sale or the Sale Hearing is or shall be required.

F. The Sale Hearing commenced and concluded on November 6, 2008. Proper and adequate notice of the Sale and of the Sale Hearing has been given and that no further or other notice is necessary.

G. The statutory predicates for the relief sought in the Motion are, *inter alia*, Bankruptcy Code §§ 105(a), 363(b), (f), (m), and (n), and Bankruptcy Rules 2002, 6004, and 9014.

H. The relief requested in the Motion is in the best interests of the Debtor, its estate and creditors, and is a sound exercise of the Trustee's business judgment. The Sale, pursuant to the Motion, the Approval Order and the Order should be approved as they are in the best interests of the Debtor, the Debtor's estate, its creditors and interest holders.

I. Notwithstanding Bankruptcy Rule 6004(h), and the parties may consummate and close the Sale immediately upon entry of the Order by issuing transfer documents in accordance with the Motion, the Agreement, the Approval Order and the Order. There is no legal or

equitable reason to delay the Sale. Cause exists not to apply the automatic ten (10) day stay imposed by Bankruptcy Rule 6004(h).

J. To the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of the Order.

K. A reasonable opportunity to object and to be heard regarding the relief requested in the Motion, the Approval Order and the Order has been afforded to all creditors and parties in interest.

L. As demonstrated by the evidence in support of the Sale and the Motion, the Trustee has marketed the Assets and conducted the Sale process in compliance with the Approval Order.

M. Maximillian & Co. (the "Purchaser") is approved as the successful bidder for the Assets in consideration of (A) $750,000.00 (US), which is being held in the Trustee's trust account, (B) a credit bid of (i) the total of the amounts shown on Schedule 2 of the Agreement, and (ii) the amount of Noteholder Expenses shown on the Supplement, and (C) the other considerations identified in the Agreement, including the releases (collectively, the "Purchase Price").

N. The Trustee has conducted a fair, full and complete sale process.

O. The Trustee has full power and authority to execute appropriate transfer documents, and all other documents referenced in or contemplated by the Motion, the Agreement, the Approval Order and the Order, or as necessary or appropriate to effectuate the Sale and complete transfer of the Assets to the Purchaser as contemplated under the Motion, the Agreement and the Order.

P. All actions contemplated by the Motion have been duly and validly authorized, and the Trustee has the full corporate power and authority to consummate the transactions contemplated by the Motion, the Agreement, the Approval Order and the Order. No further

consents or approvals, other than entry of the Order, are required for the Trustee or the Purchaser to consummate the Sale of the Assets to the Purchaser.

Q. The Trustee has demonstrated both good, sufficient, and sound business purpose and justification for the Sale of the Assets pursuant to Bankruptcy Code §§ 363(b) and (f).

R. The Agreement was negotiated, proposed, and entered into by the Trustee, in good faith, without collusion, and was the result of arm's-length bargaining with the parties represented by independent counsel. Neither the Trustee nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be avoided under Bankruptcy Code § 363(n).

S. The Purchaser is a good faith purchaser of the Assets under the Bankruptcy Code § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser has acted in good faith within the meaning of the Bankruptcy Code § 363(m) in closing the transactions contemplated by the Motion, the Agreement and the Approval Order, and will rely on entry of the Order and this good faith determination in closing such transactions.

T. Neither the Motion nor the Agreement was entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

U. The Purchase Price (i) is fair and reasonable, (ii) is the highest and best offer for the Assets after a thorough marketing process, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

V. The Trustee is authorized per the terms of the Order to sell the Assets free and clear of all liens, claims, rights, interests, and encumbrances of all parties pursuant to Bankruptcy Code Section § 363(f) because one or more of the standards set forth in Bankruptcy Code § 363(f) have been satisfied with respect to each such interest. The transfer of the Assets to the Purchaser will be a legal, valid, and effective transfer of the Assets, and will vest the Purchaser with all rights, title, and interest in and to the Assets free and clear of all liens, claims, rights,

interests, and encumbrances, which have, or could have, been asserted by the Debtor or its creditors.

W. The Debtor's senior and largest secured creditors, the 2003 Noteholders and the Collateral Agent for the 2005 Noteholders, consent to the relief in the Motion and the Sale of the Assets.

X. Any objection of a creditor or other holder of a lien, claim, right, interest, or encumbrance that did timely object to the Sale, and did not withdraw the objection, is overruled.

Y. One or more of the subsections of Bankruptcy Code § 363(f) has been met with respect to the proposed Sale.

Z. The Purchaser is acquiring the Assets for the benefit of the Collateral Agent, Ciralus, Shannon and the other entities who have contributed to the purchase price, pro rata to the amounts of their respective contributions, and, upon any subsequent transfer of the Assets to a new company or entity, the Purchaser shall undertake to ensure that all such parties who have contributed to the acquisition of the Assets, including, but not limited to, the Collateral Agent, receive appropriate consideration in such new entity, pro rata to the amounts of their respective contributions.

AA. The Purchaser is not acquiring any securities owned by the Debtor with a view toward the resale or distribution of any part thereof in violation of the Securities Act of 1933.

APPROVED AS TO FORM:

 /s/ Mona L. Burton
Mona L. Burton
Sherilyn A. Olsen
Holland & Hart LLP
Attorneys for Catlayst Investment Group, Ltd.

### End of Order ###